# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES E. SMITH, | CASE NO. CV F 06-1800 LJO GSA |
| Plaintiff, | **ORDER TO DISMISS ACTION** |
| vs. | |
| A.K. SCRIBNER, et al., | |
| Defendants. | |

## BACKGROUND

Plaintiff James E. Smith ("plaintiff") is a state prisoner and proceeds pro se and in forma pauperis in this action. On December 11, 2006, plaintiff filed a document which this Court construes as a complaint ("complaint") to attempt to allege that defendants A.K. Scribner and Apple Computer (collectively "defendants") violated plaintiff's constitutional rights. The complaint makes vague references that plaintiff has suffered and will continue to suffer but fails to attribute a source of plaintiff's suffering. The complaint also appears to refer to constitutional violations.

This Court issued its January 17, 2007 order ("January 17 order") to dismiss the complaint on grounds that it: (1) fails to satisfy pleading requirements and to allege a cognizable claim; (2) fails to plead grounds for this Court's exercise of personal jurisdiction over defendants; and (3) appears intended to vex defendants. The January 17 order granted plaintiff up to February 20, 2007 to file an amended complaint and admonished plaintiff that "**failure to file an amended complaint in compliance with this order will result in a recommendation to dismiss this action for failure to obey a court order.**"

(Bold in original.) Plaintiff received no less than five extensions to file his amended complaint, the last of which was up to July 15, 2007. Plaintiff has filed no amended complaint.

## DISCUSSION

### Failure To Comply With Orders

Plaintiff failed to comply with the January 17 order and five extension orders to file timely an amended complaint. This Court's Local Rule 11-110 provides that "failure of counsel or of a party to comply with these Local Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." *Thompson v. Housing Auth.*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to obey a court order or local rules. *See, e.g. Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for failure to obey a court order or to comply with local rules or for lack of prosecution, a court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendant; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-1261; *Ghazali*, 46 F.3d at 53.

In this case, the Court finds that the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal as plaintiff has not advanced this action with his inexplicable failure to file timely an amended complaint. The third factor – risk of prejudice to defendant – also weighs in favor of dismissal, since a presumption of injury arises from the

occurrence of unreasonable delay in prosecuting an action. *Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor – public policy favoring disposition of cases on their merits – is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, a court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-133; *Henderson*, 779 F.2d at 1424. The January 17 order admonished plaintiff that "**failure to file an amended complaint in compliance with his order will result in a recommendation to dismiss this action for failure to obey a court order.**" Thus, plaintiff received adequate warning that dismissal would result from noncompliance with this Court's order and failure to prosecute this action. Quite simply, plaintiff has failed to comply with this Court's order and to respond meaningfully and intelligently to it.

## CONCLUSION

Accordingly, this Court DISMISSES this action without prejudice on grounds that plaintiff has failed to: (1) file a complaint to satisfy F.R.Civ.P. 8(a) and to state a cognizable claim which does not appear intended to vex; and (2) comply with this Court's orders, to respond meaningfully and intelligently to the orders, and to prosecute this action. This Court DIRECTS the clerk to close this action.

IT IS SO ORDERED.

**Dated:   December 7, 2007**                    **/s/ Lawrence J. O'Neill**
                                                              UNITED STATES DISTRICT JUDGE