IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES E. SMITH,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>A.K. SCRIBNER, et al.,<br><br>　　　　　Defendants.<br>_____ / | CASE NO. CV F 06-1800 LJO GSA<br><br>**ORDER TO DENY DISQUALIFICATION OF JUDGE**<br>(Doc. 20.) |

**BACKGROUND**

This Court's December 10, 2007 order dismissed this action based on plaintiff James E. Smith's ("Mr. Smith'") failure to state a cognizable claim and to comply with orders. The clerk entered a December 10, 2007 judgment against Mr. Smith.

On January 31, 2008, Mr. Smith filed a document entitled "Notice of Motion and Motion for Recusal and Appeal Rule 4(a), 4(a)(1) 4(a)4." This Court construes the document as a motion to disqualify United States District Judge Lawrence J. O'Neill ("Judge O'Neill") and to appeal the December 10, 2007 judgment. Mr. Smith suggests, with neither explanation nor support, that Judge O'Neill is "related to a party to this action or that he is bias [sic] towards plaintiff and are [sic] unable to be impartial."

**DISCUSSION**

28 U.S.C. § 455 ("section 455") addresses judicial disqualification and provides in pertinent part:

> (a) Any . . . judge . . . of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
>
> (b) He shall also disqualify himself in the following circumstances;
>
>> (1) Where he has a personal bias or prejudice concerning a party . . .

The standard to judge the appearance of partiality requiring recusal under section 455(a) is an objective one and involves ascertaining "whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *United States v. Nelson*, 718 F.2d 315, 321 (9th Cir. 1983).

In *Liteky v. United States*, 510 U.S. 540, 114 S.Ct. 1147 (1994), the United States Supreme Court determined that recusal under section 455(a) is subject to the limitation of "extrajudicial source":

> First, judicial rulings alone almost never constitute a valid basis for a bias or partiality motion . . . In and of themselves (i.e., apart from surrounding comments or accompanying opinion), they cannot possibly show reliance upon an extrajudicial source; and only in the rarest circumstances evidence the degree of favoritism or antagonism required . . . when no extrajudicial source is involved. . . . Second, opinions formed by the judge on the basis of facts introduced or events occurring in the course of current proceedings, or of prior proceedings, do not constitute a basis for bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible.
>
> . . .
>
> [J]udicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge. They <u>may</u> do so if they reveal an opinion that derives from an extrajudicial source; and they <u>will</u> do so if they reveal such a high degree of favoritism or antagonism as to make fair judgments impossible. . . . <u>Not</u> establishing bias or partiality, however, are expressions of impatience, dissatisfaction, annoyance, and even anger, that are within the bounds of what imperfect men and women, even after having been confirmed as federal judges, sometimes display. A judge's ordinary efforts at courtroom administration – even a stern and short-tempered judge's ordinary efforts at courtroom administration – remain immune.

*Liteky*, 510 U.S. at 555-556, 114 S.Ct. 1147 (underlining in original).

In *United States v. Conforte*, 624 F.2d 869, 881 (9th Cir.), *cert. denied*, 449 U.S. 1012 (1980), the Ninth Circuit Court of Appeals explained the degree of bias or animus to warrant recusal:

> It is an animus more active and deep-rooted than an attitude of disapproval toward certain persons because of their known conduct, unless the attitude is somehow related to a suspect or invidious motive such as racial bias or a dangerous link such as a financial interest, and only the slightest indication of the appearance or fact of bias or prejudice arising from those sources would be sufficient to disqualify.

Judge O'Neill is not related to named defendants A.K. Scribner and Apple Computer. Mr. Smith did not seek to disqualify Judge O'Neill until weeks after dismissal of this action and after Mr. Smith disobeyed orders. The objective evidence reveals nothing to question Judge O'Neill's impartiality and that Mr. Smith seeks another chance to avoid dismissal of his claims. An unfavorable decision does not equate to partiality. Comments in this Court's orders are confined to the order's context – nothing more. Mr. Smith offers no extrajudicial source of bias against him. His disqualification attempt further exemplifies his frustration with an unfavorable decision.

## **CONCLUSION AND ORDER**

For the reasons discussed above, this Court:

1. DENIES Ms. Smith's attempt to disqualify Judge O'Neill; and
2. DIRECTS the clerk to treat Mr. Smith's motion (Doc. 20) as a notice of appeal and prepare an appeal for this action.

IT IS SO ORDERED.

**Dated:   February 3, 2008**             /s/ Lawrence J. O'Neill
                                                                    UNITED STATES DISTRICT JUDGE